UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Clinton W. Pickering

    v.                                        Civil No. 18-cv-229-JD
                                                Opinion 2019 DNH 119
Citizens Bank, N.A.

O R D E R

Clinton W. Pickering brought suit in state court after Citizens Bank, N.A. foreclosed on his home and conducted a foreclosure sale of the property. Citizens Bank removed the case to this court and has moved for summary judgment. Pickering filed an objection, and Citizens Bank filed a reply.

Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Thomas v. Harrington, 909 F.3d 483, 490 (1st Cir. 2019). For purposes of summary judgment, the court considers the facts in the light most favorable to the plaintiff and draws all reasonable inferences in his favor. Roy v. Correct Care Solutions, LLC, 914 F.3d 52, 57 (1st Cir. 2019). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the

outcome of the case." Leite v. Gergeron, 911 F.3d 47, 52 (1st Cir. 2018) (internal quotation marks omitted). "A genuine issue of material fact only exists if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted); Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).

In this district, a motion for summary judgment must be accompanied by a "short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). The opposing party must also provide statement of material facts supported by record citations. LR 56.1(b). "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." Id.

Pickering did not provide a statement of material facts.[1] Therefore, to the extent the facts provided by Citizens Bank are properly supported, they are deemed to be admitted by Pickering.

---

[1] Pickering is represented by counsel.

Background

Pickering borrowed $200,000 from Citizens Bank on July 29, 2006, and the loan was secured by a mortgage on property located at 515 Old Bartlett Road, Conway, New Hampshire. Citizens Bank has filed copies of the note and mortgage. In July of 2016, Pickering failed to make his monthly mortgage payment.[2]

Citizens Bank submitted documents to show Pickering's payment history through 2017. Although the recitation of payments from the initiation of the loan through December of 2013 are clear, the printouts of transactions thereafter are not. In any case, counsel for Citizens Bank sent Pickering a letter dated February 1, 2017, that stated he was in default on the note and that he could cure the default by paying the amount due for the period from July of 2016 through January of 2017, late charges, other fees, and "MTGR Rec Corp Adv."[3]

Instead of curing the default as explained in the notice, Pickering sent checks for the usual mortgage payment amounts in March, April, May, July, August, September, October, and

---

[2] While counsel for Pickering says that he disputes Citizens Bank's evidence that he failed to make mortgage payments, he lacks a cancelled check or any other evidence to show that he did make payments.

[3] Although Citizens Bank has not made it entirely clear, it appears that Pickering did not make mortgage payments after July of 2016.

3

November of 2017. Those checks were returned to him each month with a letter that explained the check was being returned due to the delinquent status of his loan, a telephone number to call to discuss payment arrangements, and the total amount due that had to be paid to make the loan current.

Pickering's daughter, Wendy McCollum, provided an affidavit in which she explained that the mortgaged property had been purchased by her great grandfather and left to her father and his siblings. McCollum states that Pickering used the loan to buy his siblings' shares of the property. Neither she nor her brother were able to keep in close communication with their father.

McCollum states that Pickering had a stroke in 2017 that caused her to fly to New Hampshire from California. She contacted Citizens Bank and was notified of the mortgage balance and the accrued interest and that her father had to pay a certain amount before the loan would be reinstated. She states that Citizens Bank sent a modification packet to her father, but the foreclosure occurred before the deadline for him to submit the paperwork.

Pickering received packages from Citizens Bank with letters dated October 27, 2017, and November 1, 2017. In those letters, Citizens Bank explained that it required Pickering to send

4

documentation in order to be considered for relief.  The letters set November 26 and then December 1, 2017, as the deadlines for Pickering to send the required documentation.  McCollum said that she and her husband could have helped her father make the necessary payments.

Citizens Bank shows that Pickering received the notice of foreclosure on September 25, 2017, and that he signed for the certified delivery.  A foreclosure sale was held by auction on November 14, 2017.  Citizens Bank conveyed the property to itself on November 30, 2017, by foreclosure deed and recorded the deed.  The deed was recorded with the Carroll County Register of Deeds on December 13, 2017.  Paul Wheeler, a real estate broker in the area, left Pickering an undated note with his telephone number, stating that the bank had foreclosed and providing options for Pickering to leave the property.

Pickering brought suit in state court in January of 2018. Citizens Bank removed the case to this court in March of 2018. Pickering brings the following claims:  I. Violation of the Dodd-Frank Act 120-Day Rule; II. Wrongful Foreclosure; III. Breach of Contract; IV. Negligence; V. Fraud; and VI. Unjust Enrichment.

Discussion

Citizens Bank moves for summary judgment on all six claims in Pickering's complaint.  In support, Citizens Bank contends that no violation of Regulation X of the Dodd-Frank Act occurred, that RSA 479:25, II(c) bars the wrongful foreclosure claim, and that Pickering lacks evidence to prove the claims alleged in Counts II through VI.  In response, Pickering argues that his poor health, the loss mitigation packages, and other circumstances preclude summary judgment on some of his claims.

A.  Dodd-Frank Act – Claim I

In Claim I, Pickering alleged: "Under the Dodd-Frank Act, the Plaintiff had to be 120 days behind on his mortgage payments before the Bank could start a foreclosure proceeding."  Doc. 1-1, at 6.  Pickering did not cite any provision of the Dodd-Frank Act to support his claim.  Citizens Bank interpreted the allegations in Claim I to invoke the protection of Regulation X, 12 C.F.R. § 1024.41(f).  In response, without citing any specific statute, regulation, case, or other authority in support, Pickering states that Citizens Bank could not foreclose on the property until either review of the loss mitigation package was complete or a 120-day waiting period elapsed, whichever was later.

1. Section 1024.41(f)

The court agrees with Citizens Bank that Pickering's allegations in support of Claim I appear to be aimed at Regulation X, § 1024.41(f). That regulation prohibits a loan servicer from making a first notice or filing required for a foreclosure sooner than 120 days after the mortgage payments have been delinquent. § 1024.41(f)(1). When Pickering did not make his mortgage payment by July 1, 2016, when it was due, the payment became delinquent ten days later, on July 11, 2016. See Note, Doc. no. 22-3, at *2.

Under § 1024.41(f)(1), the waiting period expired 120 days later, in mid-November of 2016. Citizens Bank sent Pickering notice of default in February of 2017 and sent notice of foreclosure in September of 2017. Therefore, no violation of § 1024.41(f)(1) occurred.

2. Section 1024.41(g)

In response to the motion for summary judgment, Pickering changed theories and argued that Citizens Bank was required to wait for 120 days or until review of the loan modification application was complete before foreclosing. Pickering does not explain what would trigger the 120-day waiting period. He argues that because the deadlines for submitting the loan

7

modification applications were after the date of the foreclosure, review of an application had not occurred when Citizens Bank foreclosed.

In its reply, Citizens Bank interpreted the new claim as invoking § 1024.41(g) and argued that Pickering failed to show a violation. Pickering did not file a surreply, and therefore, he did not respond to Citizens Bank's argument under § 1024.41(g).

Section 1024.41(g) provides that if a borrower submits a completed loss mitigation application after the loan servicer has made the first required notice or filing for foreclosure and the complete application is submitted more than 37 days before the date of the foreclosure the servicer is prohibited from conducting a foreclosure sale unless an exception applies. A complete loss mitigation application means that the servicer has received all of the required information. § 1024.41(b)(1).

On September 25, 2017, Pickering received notice that his property would be sold at public auction on November 14, 2017. He never submitted a loss mitigation application to Citizens Bank. He makes no argument that he is protected under § 1024.41(g) or any other part of the Dodd-Frank Act. Therefore, Citizens Bank is entitled to summary judgment on Claim I.

B.  Wrongful Foreclosure – Claim II

Pickering alleges in support of his wrongful foreclosure claim that Citizens Bank had a duty to work with him to prevent the foreclosure sale and breached the duty by failing to accept his payments.  In support of summary judgment, Citizens Bank contends that it had no duty to work with Pickering and that his claim is barred by RSA 479:25, II(c).  Pickering argues in his response that because he had suffered head injuries and strokes beginning in 2000, he had vision issues that prevented him from reading letters sent to him by Citizens Bank.  He further argues that his stroke in May of 2017 caused additional disability that interfered with his ability to respond.

RSA 479:25, II provides that if a mortgagor fails to institute a petition to enjoin the scheduled foreclosure sale of property before the sale, that failure "shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure."  Wrongful foreclosure claims based on facts that the mortgagor knew or should have known before the foreclosure sale are barred.  Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985).

Pickering's wrongful foreclosure claim is based on Citizens Bank's refusal to accept his payments made in March through

9

November of 2017.  Because Citizens Bank returned each payment with explanation about how to cure the default, Pickering was notified that his payments were not being accepted.  He does not explain or cite any authority to show why his health and vision issues obviated his duty to enjoin the foreclosure sale.  In addition, his daughter read the letters.  Similarly, the same arguments to show that he did not receive notice of the foreclosure sale and that the publication notice was insufficient fail because he signed the return receipt for the notice on September 25, 2017.

Therefore, the wrongful foreclosure claim is barred by RSA 479:25, II(c).

C. Breach of Contract, Negligence, Fraud, and Unjust Enrichment
   Claims III through VI

Citizens Bank moves for summary judgment on the remaining state law claims on the merits and, in its reply, asserts that Pickering has waived those claims by failing to defend them in response to the motion for summary judgment.  Because the claims fail on the merits, the court need not address the waiver issue. Nevertheless, a court is not obligated to make arguments on behalf of a party, particularly a party represented by counsel, and may disregard arguments that are not developed. Coons v. Indus. Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010).

10

1. Breach of Contract – Claim III

Pickering alleges that Citizens Bank breached "the contract between the parties by failing to accept legitimate forms of tender" from him. Doc. 1-1, at *8. He also alleges that Citizens Bank breached "the contract between the parties by failing to return any surplus escrow funds to the Plaintiff." Id. He states that Citizens Bank's failure to accept his payments caused the foreclosure which resulted in the loss of his home.

Pickering does not identify "the contract between the parties." Assuming that he intended to allege that Citizens Bank breached either the terms of the note or the terms of the mortgage, he does not identify any provision that was breached. Citizens Bank asserts that it had no obligation to accept payments that were insufficient to reinstate the loan and that there were no surplus escrow funds.[4]

"Under New Hampshire law, a breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." ProDone, Inc. v.

---

[4] To show that there were no surplus escrow funds, Citizens Bank cites generally to "Ex. B-3," which is a twenty-six page exhibit (doc. no. 22-5) and includes copies of sheets of payment records that are neither explained nor easily comprehensible.

11

Basham, --- A.3d ---, 2019 WL 1967686, at *3 (N.H. May 3, 2019). Pickering has not shown that Citizens Bank made a promise in a contract to accept his noncompliant payments or to return escrow funds. He also has not shown that Citizens Bank was holding "surplus" escrow funds.

When faced with a properly supported motion for summary judgment, the opposing party must provide competent evidence to show a material factual dispute or competent legal authority to show that the moving party is not entitled to judgment as a matter of law. See Mendez-Laboy v. Abbott Labs, Inc., 424 F.3d 35, 37 (1st Cir. 2005). Pickering has done neither. Therefore, Citizens Bank is entitled to summary judgment on the breach of contract claim, Count III.

### 2. Negligence – Count IV

In support of his negligence claim, Pickering alleges that Citizens Bank had a duty to accurately account for his payments and to accurately state the amounts due. He states that he disputes the amounts in the mailings that were sent to him. Citizens Bank challenges the claim for lack of proof and on the basis of the economic loss doctrine. Pickering did not respond to those challenges or provide any evidence to support his claim.

The economic loss rule bars tort recovery for purely economic loss resulting from the contractual relationship. Plourde Sand & Gravel Co. v. JGIE, Inc., 154 N.H. 791, 794 (2007); accord Schaefer v. IndyMac Mortg. Servs., 731 F.3d 98, 103 (1st Cir. 2013). Exceptions to the rule exist when the defendant has assumed additional duties outside of the performance required under the contract, id., and when negligent misrepresentation is used as an inducement to enter the contract, Wyle v. Lees, 162 N.H. 406, 411 (2011). Pickering has not shown that the economic loss rule does not apply or that any exception to the economic loss rule would save his claim.

In addition, Pickering has not provided evidence to support his claim. As a result, he has not shown a material factual dispute or supporting legal authority to avoid summary judgment. Therefore, Citizens Bank is entitled to summary judgment on the negligence claim, Count IV.

### 3. Fraud – Count V

Pickering alleges that Citizens Bank committed fraud by knowingly making false representations that he had not made monthly mortgage payments when Citizens Bank had rejected his payments and by knowingly holding "excess surplus funds" that were available to offset his obligations. Citizens Bank

13

contends that its representations were true because it notified Pickering that he was in default, when he was in default, and the letters stated that the payments were rejected because they were insufficient to reinstate the loan. Because Pickering did not respond to Citizens Banks' motion on the fraud claim, he provides no evidence or argument to support the claim.

Under New Hampshire law, "[o]ne who fraudulently makes a misrepresentation for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." [Tessier v. Rockefeller](), [162 N.H. 324, 331-32 (2011)]() (internal quotation marks omitted). An essential element of fraud is that the representation was made with knowledge of its falsity or with conscious indifference to the truth. Id.

Pickering has not shown a material factual dispute about the truth of the representations made to him. Therefore, Citizens Bank is entitled to summary judgment on the claim.


4. Unjust Enrichment – Claim VI

"Unjust enrichment is an equitable remedy that is available when an individual receives a benefit which would be unconscionable for him to retain." [Axenics, Inc. v. Turner]()

Constr. Co., 164 N.H. 659, 669 (2013). A claim for unjust enrichment is not available if there is an enforceable contract that that covers the subject matter of the claim. Id.

Pickering alleges that Citizens Bank has been unjustly enriched by taking surplus funds that were in his escrow account and by taking his equity in the property. Citizens Bank contends Pickering cannot maintain a claim for unjust enrichment when the terms of the note and the mortgage govern the matters he alleges. Again, because Pickering did not respond to the motion with respect to this claim, he does not refute Citizens Bank's challenge.

The note and mortgage, which are contracts between Pickering and Citizens Bank, cover the parties' rights and obligations with respect to the payments and penalties that are at issue in this case. Therefore, Pickering cannot bring a claim for unjust enrichment. Citizens Bank is entitled to summary judgment on the unjust enrichment claim.

## Conclusion

For the foregoing reasons, Citizens Bank's motion for summary judgment (document no. 22) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 31, 2019

cc: Counsel of Record